**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HERBERT MANYGOAT,

        Plaintiff,

vs.                               No. CV 19-00347 RB/JFR

CINDY PRUDENCIO, Property Officer,
MICHAEL AVILA, Grievance Officer,
SGT. GOEBLY, Sergeant,
RALPH FERNANDEZ, Chief,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Complaint for Violation of Civil Rights filed by Plaintiff Herbert Manygoat. (Doc. 1.)  The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

**I.**     **Factual and Procedural Background**

At the time he filed this proceeding, Manygoat was a pretrial detainee in the custody of the Metropolitan Detention Center. (*Id.* at 2, 4.) This is one of a number of proceedings Manygoat has filed in this Court, including *Manygoat v. Nance*, NO. CV 13-00146 JCH/WPL; *Manygoat v. Havel*, No. CV 17-01115 JCH/GJF; *Manygoat v. Mejia*, No. CV 19-00028 JCH/SMV; *Manygoat v. Havel*, No. CV 17-00887 JCH/SMV; *Manygoat v. Havel*, No. CV 18-00222 KWR/KRS; *Manygoat v. FNU LNU*, No. CV 18-00340 JCH/KBM; *Manygoat v. Heinman*, No. CV 19-00960 RB/CG; *Manygoat v. Jacobs*, No. CV 18-00438 JB/JHR; *Manygoat v. Love*, No. CV 19-00402 KWR/LF; and *Manygoat v. N.M. State Supreme Court*, No. CV 19-01079 WJ/KRS. Manygoat's

1

cases have been dismissed either for failure to state a claim or failure to comply with Court orders under Federal Rule of Civil Procedure 41(b).

Manygoat filed his Complaint in this case on April 15, 2019. (Doc. 1.) His Complaint was mailed to the "New Mexico State Supreme Court" at this Court's address. (*Id.* at 19.) In the Complaint, he alleges a claim of violation of "United States Constitutional Rights Amendment #4 (Illegal Search and Seizures)." (*Id.* at 3.) He contends that when he was booked into MDC on January 10, 2019, he had an assortment of "Legal Property" including two Jailhouse Lawyers Handbooks; but later, jail officials told him he did *not* have any legal materials when he was booked. (*Id.* at 4–5.) A Bernalillo County Property Receipt Report dated January 10, 2019, and signed by Herbert Manygoat states: "I have read the below list and understand that my signature indicates my agreement that this is a complete list of my personal belongings and the money I had in my possession when I entered the Bernalillo County Jail." (*Id.* at 17.) The Property Receipt Report lists Manygoat's property as a "tan jacket, 1 blue earring, brown belt, black shoes/boots and gray, 2 blue, red, 3 white clothing." (*Id.* at 17.)

Manygoat filed a series of internal grievances, and he claims jail officials either responded that he did not have any legal materials or ignored his grievances. (*Id.* at 4–7.) He alleges that jail officials concealed his legal materials because they "supposedly thought; Herbert Manygoat will be filing (Lawsuits) against us again" and "[i]t's highly perceivable that the 'jail officials' acknowledged that I, Herbert Manygoat, will be the second Plaintiff like 'Jimmy (Billy) McClendon, et al, in the CV 95-24-JAP/KBM that legally led in some 'Settlement Agreement.'" (*Id.* at 4–5.) In his claim for relief, Manygoat states: "Currently, both of my 'Tibia' and 'Fibula' bones are broken. I can't physically work. THEREFORE; I demand that I be awarded at or over

$300,000.00 (Three Hundred Thousand Dollars)." (*Id.* at 5.[1]) Manygoat is proceeding without prepayment of fees or costs under 28 U.S.C. § 1915. (Doc. 3.)

## II.     Standards for Failure to State a Claim

Manygoat is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. Under § 1915A, the Court is to dismiss a complaint by a prisoner seeking redress against government officials if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).

Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C.

---

[1] Manygoat has raised his alleged broken tibias and fibulas in multiple cases, claiming that the right tibia and fibula were broken in 1995 and the left tibia and fibula were broken in 2016. *See, e.g., Manygoat v. Havel*, CV 17-00887 JCH/GJF (Doc. 1); *Manygoat v. Havel*, CV 17-01115 JCH/GJF (Doc. 1 at 5); *Manygoat v. Havel*, CV 18-00222 KWR/KRS (Doc. 1 at 5); *Manygoat v. Mejia*, CV 19-00028 JCH/SMV (Doc. 1).

§ 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

## III.    The Complaint Fails to State a Federal Civil Rights Claim for Relief

Manygoat cites to 42 U.S.C. § 1983 as the basis for jurisdiction in this case. (Doc. 1 at 3.) Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United

States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and the violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Manygoat claims that his constitutional right that was violated is the right to be free from illegal searches and seizures under the Fourth Amendment. (Doc. 1 at 3.) The Fourth Amendment to the Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Fourth Amendment prohibits unreasonable searches and seizures. To be reasonable, searches generally must be conducted pursuant to a warrant, although there are well-recognized exceptions to this general rule, including an exception for inventory searches performed when an individual, lawfully arrested, is brought to the police station or jail and "booked." *See Illinois v. Lafayette*, 462 U.S. 640, 643 (1983); *South Dakota v. Opperman*, 428 U.S. 364, 367–76 (1976).

As the Supreme Court has acknowledged, "[t]he governmental interests underlying a stationhouse search of the arrestee's person and possessions may in some circumstances be even greater than those supporting a search immediately following arrest." *Lafayette*, 462 U.S. at 645. Those interests generally include "[1] . . . protect[ing] an owner's property while it is in the custody of the police, [2] . . . insur[ing] against claims of lost, stolen, or vandalized property, and . . . [3] . . . guard[ing] the police from danger." *Colorado v. Bertine*, 479 U.S. 367, 371–72 (1987).

These "important and legitimate governmental interests" justify a booking search of "every item carried on or by a person who has lawfully been taken into custody." *Lafayette*, 462 U.S. at 648. Of course, a booking search, like any other inventory search, must be conducted pursuant to standardized procedures or established routines. *See id.*; *Florida v. Wells*, 495 U.S. 1, 4–5 (1990); *United States v. Griffiths*, 47 F.3d 74, 78 (2d Cir. 1995).

Using the § 1915(e)(2)(B) standard, Manygoat's Complaint does not state a Fourth Amendment claim for relief. His claim that he had legal materials with him at the time he was arrested and booked into MDC is unsupported by his signed Property Receipt Report and is factually implausible. However, even assuming that he did have legal materials, including two copies of the Jailhouse Lawyers Handbook with him at the time he was booked, his allegations show no more than that MDC officers conducted a booking inventory search in accordance with standardized procedures and established routines. *Lafayette*, 462 U.S. at 648; *Wells*, 495 U.S. at 4–5. There are no allegations of either a search of Manygoat's person or an illegal seizure of any property. U.S. Const. amend. IV. The allegations of the Complaint are insufficient to support a claim of violation of the Fourth Amendment.

Further, a civil rights claim requires acts by identified government officials that violate the plaintiff's constitutional rights. *West*, 487 U.S. at 48. Manygoat names four individual officials as Defendants in this case: Property Officer Cindy Prudencio, Grievance Officer Michael Avila, Sergeant Goebly, and Chief Ralph Fernandez. (Doc 1 at 2–3.) Even if the Complaint was sufficient to allege a generalized Fourth Amendment claim, the Complaint's allegations do not state a § 1983 claim against any of the four individual defendants.

**Property Officer Cindy Prudencio**: In regard to Property Officer Prudencio, Manygoat alleges:

6

> A 'B.C.M.D.C.' Property Slip exhibits (Cindy Prudencio) was assigned to handle New Inmates Property. And, once she realized that I have (2) Jailhouse Lawyers' Handbooks . . . she supposedly thought; Herbert Manygoat will be filing (Lawsuits) against us again. So, she called her Sergeant and refused to let me have my Legal Property.

(Doc. 1 at 4.)

> When a male (Mental Health Personnel) comes in our Unit, he asks everybody, how are you doing? On my case, I'll say . . . I'm not doing good because 'Cindy Prudencio) had concealed my Legal Materials and the 'Jail Officials' are contending; You don't HAVE NO LEGAL MATERIALS!!

(*Id.* at 5.) The Property Receipt Report attached to the Complaint shows Cindy Prudencio as the receiving officer for clothing and jewelry items from Manygoat and is signed by Manygoat as a complete list of his personal belongings at the time he was booked into MDC. (*Id.* at 17.)

The Court finds that the Complaint does not plausibly allege that Prudencio conducted or participated in any search of Plaintiff's person or seizure of his property, much less an unreasonable search or seizure. *See Lafayette*, 462 U.S. at 643; *Opperman*, 428 U.S. 3at 367–76. The Complaint does not state a Fourth Amendment claim against Prudencio.

**Grievance Officer Michael Avila**: Against Defendant Avila, Manygoat claims: "Notice, (Michael Avila-Grievance Officer) highly opposes my Requests and Grievances. He says falsely, there are <u>no</u> Legal Materials for you in the B.C.M.D.C. Property Room." (Doc. 1 at 6). An attachment to the Complaint states that he spoke to Avila and Avila "just maliciously verbally battled Herbert . . . no legal stuff for you!!" (*Id.* at 14.) Manygoat does not allege that Avila participated in any Fourth Amendment search or seizure of his property and the Complaint fails to state a Fourth Amendment claim against him. U.S. Const. amend. IV; *Lafayette*, 462 U.S. at 648.

Further, Avila's handling of Manygoat's grievances does not, by itself, give rise to a constitutional violation. A prison officer's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

(per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); *Greer v. DeRobertis*, 568 F. Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); *see also Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). The Complaint does not state a § 1983 claim for relief against Avila.

**Sergeant Goebly**: Other than identifying Sergeant Goebly as a Defendant, Manygoat does not make any allegations in the Complaint against her. He claims that Prudencio "called her Sergeant" (Doc. 1 at 4), but he does not allege any conduct, whatsoever, by Goebly in the body of the Complaint. An attachment to the Complaint states that "[p]rocedurally and legally, I'd verbally exhibited my complaint to 'Sgt. Goebley' on 02-15-19." (*Id.* at 14.)

Again, the allegations of the Complaint do not claim that Goebly participated in any search or seizure under the Fourth Amendment. Nor does Manygoat's dissatisfaction with Goebly's response to his grievances state any civil rights claim. *Buckley*, 997 F.2d at 495; *Greer*, 568 F. Supp. at 1375. The Complaint does not state a § 1983 claim for relief against Goebly.

**Chief Ralph Fernandez**: For his allegations against Chief Fernandez, Manygoat states: "Here in the 'Bernalillo County Metropolitan Detention Center' I wrote similar complaint to 'Ralph Fernandez-Chief' but he FAILED to reply to me in person and/or in the Facility's Kiosk." (Doc. 1 at 7.) His attachment similarly states "I honestly wrote to 'Ralph Fernandez-Administrator for the B.C.M.D.C. Unfortunately, no response!!" (*Id.* at 14.) As with Avila and Goebly, Fernandez is not alleged to have personally participated in any search or seizure and the Complaint does not state a Fourth Amendment claim against him. *West*, 487 U.S. 42, 48. In addition, his lack of response to Manygoat's grievance does not give rise to a civil rights claim against him. *Buckley,*

997 F.2d at 495; *Greer*, 568 F. Supp. at 1375. Manygoat's Complaint does not state a constitutional claim for relief against Fernandez.

## IV.    Amendment Would Be Futile

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. The Property Receipt Report signed by Manygoat directly contradicts the claims he makes in this case, and it is factually implausible that, at the time he was arrested and booked into MDC, he was carrying legal materials (including two copies of the Jailhouse Lawyers Handbook) around with him. *Neitzke*, 490 U.S. at 327. There does not appear to be any amendment Manygoat could make that would cure the problems with his pleading. *Bradley*, 379 F.3d at 901. Moreover, Manygoat has not been in custody at MDC since September 19, 2019. (Doc. 9 at 1.) He notified the Court of a change of address to the San Juan County Detention Center, 871 Andrea Drive, Farmington, NM, on September 26, 2019. (*Id.*) However, the San Juan County Detention Center records indicate that he has been released from custody and, in violation of D.N.M. LR-Civ. 83.6, he has never provided the Court with an updated address or communicated with the Court in this case since September 26, 2019. Last, Manygoat has filed multiple cases in this court and in state court,

giving him several opportunities to attempt to state a viable claim for relief.  The Court will dismiss the Complaint without leave to amend. *Hall*, 935 F.2d at 1109.

      **IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Herbert Manygoat (Doc. 1) is **DISMISSED** for failure to state a federal claim for relief under 42 U.S.C. § 1983.

                                               _____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE